**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  14-cv-03169-REB
(Bankruptcy Case No. 13-13290-SBB (Chapter 11))
(Adversary Proceeding No. 14-01237-SBB)

In re:

FORESIGHT APPLICATIONS & SYSTEMS TECHNOLOGIES, LLC,

    Debtor.

---

FORESIGHT APPLICATIONS & SYSTEMS TECHNOLOGIES, LLC,

    Plaintiff,

v.

GENESEE CAPITAL CORPORATION,

    Defendant.

---

## TRIAL PREPARATION CONFERENCE ORDER

**Blackburn, J.**

    Pursuant to Fed. R. Civ. P. 16(e), D.C.COLO.LCivR 16.3, and D.C.COLO.LCivR 43.1, the court enters this **Trial Preparation Conference Order**.

    **IT IS ORDERED** as follows:

    1. That trial by jury shall commence **April 4, 2016**, at 8:30 a.m. (MDT), in courtroom A1001, located on the 10th Floor North, of the Alfred A. Arraj, United States Courthouse Annex, 901 19th Street, Denver, Colorado 80294, at which all parties shall appear in person without further notice, order, or subpoena;

    2. That the court reserves three (3) days for trial: Monday, April 4, 2016, through

Wednesday, April 6, 2016;

      3. That counsel and any *pro se* party shall appear in courtroom A1001 on the first day of trial at 8:00 a.m., to review and discuss with the courtroom deputy clerk and the court, if necessary, any final details, arrangements, or requirements concerning the trial;

      4. That a combined Final Pretrial Conference and Trial Preparation Conference (conference) shall commence on **March 18, 2016**, at 10:00 a.m. (MDT), in courtroom A1001;

      5. That lead counsel and any *pro se* party shall attend the conference;

      6.  That for use and consideration during the conference, the parties shall file in CM/ECF and submit via email to blackburn_chambers@cod.uscourts.gov a proposed Final Pretrial Order in the time, manner, and form prescribed by D.C.COLO.LCivR 16.3 and the "Instructions for Preparation of Final Pretrial Order" in the **Local Rules of Practice - Forms**[1]; except that the proposed final pretrial order under section "**6.EXHIBITS**" shall not require the parties to list the exhibits to be offered by each party as otherwise required under subsection "a" (See *instead*, paragraph 8, *infra*.), and shall provide under subsection "b" that copies of exhibits must be provided to opposing counsel or any pro se party no later than 45 days before trial and that objections to the exhibits must be served by personal delivery, electronic mail, or facsimile no later than 30 days before trial;

      7. That at the outset of the conference, the parties shall submit one Parties' Joint Exhibit List on the form required by the court (an original for the court with copies for the

---

[1] Available at http://www.cod.uscourts.gov/CourtOperations/RulesProcedures/Forms.aspx

courtroom deputy clerk, the court reporter, and all other parties) and in addition to the information required to be submitted under section "**6.WITNESSES**" of the final pretrial order, each party shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address (city or county and state only) of each witness that will be called and a "may call" witness list enumerating the name and address (city or county and state only) of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

      8. That pursuant to REB Civ. Practice Standard III.A.4.b., immediately before commencement of trial, the parties shall submit to the courtroom deputy clerk the exhibits identified in their joint exhibit list (a set of original exhibits for use by the witnesses and copies for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party);

      9. That at the conference the parties shall be prepared to review and discuss, *inter alia*, the following:

           a. the proposed Final Pretrial Order;

           b. stipulated and proposed jury instructions and verdict forms;

           c. *voir dire* questions;

           d. the jury selection process and the use of juror questionnaires;

           e. identification of all persons permitted to be seated at each party's table;

           f. the pronunciation of problematic party's and witness' names;

g. the names or monikers that may be used when referring to a party or a witness;

h. identification of "will call" and "may call" witnesses;

i. use of deposition testimony:

1. designation of specific testimony by page and line; and

2. identification of the person selected to read deposition answers;

j. use of video depositions:

1. resolution of objections;

2. pretrial redaction, if necessary; and

3. arrangements for necessary equipment to broadcast the deposition;

k.  issues concerning witnesses and exhibits;

l. the allocation of trial time between the parties;

m. the admission of stipulated exhibits or exhibits about which there are no objections;

n. timing of publication, if any, of trial exhibits to the jury;

o. anticipated evidentiary issues;

p. the necessity for cautionary or limiting instructions;

q. requests or requirement for trial briefs;

r. exemptions from the order of sequestration of witnesses;

s.  security precautions, requirements, or issues;

t.  training on the use of courtroom technology; and

u.  transporting and bringing equipment, models, props, or other property

into the courthouse and courtroom for use during trial;[2] and

    v. courtroom etiquette and protocol;

 10. That unless ordered otherwise, each side shall be permitted voir dire examination not to exceed 15 minutes following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

 11. That unless ordered otherwise, the jurors shall not be sequestered before deliberations;

 12. That trial witnesses subject to sequestration under Fed. R. Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

 13. That unless ordered otherwise, opening statements shall be limited to **thirty (30)** minutes per party;

 14. That the court will not engage in the examination of any witness, except to eschew plain error;

 15. That objections made in the presence or hearing of the jury, i.e., so-called "speaking" objections, shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, neither counsel nor a pro se party shall speechify an objection in the presence or hearing of the jury [Review Fed. R. Evid. 103(d) and 104(c)];

---

[2] The court has audio, video, audio-visual, evidentiary presentation, and other special equipment that may be used by the parties. A listing of available equipment can be found on the District Court's website at http://www.cod.uscourts.gov/AttorneyInformation/GeneralAttorneyInformation.aspx under Courtroom Technology Manual for Attorneys." Arrangements for training on courtroom technology must be made with the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, at least 14 days before trial. Notify the courtroom deputy clerk no later than **fourteen (14) days** before the date and time you need such equipment or need your own equipment to be brought through security for use in the courtroom.

16. That unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

17. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk at the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

18. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Civ. Practice Standard V.C.4., the plaintiff shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. P-1, P-2, P-3, etc., and the defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. D-1, D-2, D-3, etc. [Note: for multiple defendants, each defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO.[insert defendant's name or abbreviated name]-1,[insert defendant's name or abbreviated name]-2,[insert defendant's name or abbreviated name]-3, etc.]; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

19. That unless ordered otherwise, closing argument shall be limited to forty-five **(45)** minutes total for each party;

20.  That not later than five (5) business days before commencement of trial,

counsel and any pro se party shall file and provide the court, the court reporter, the courtroom deputy clerk, opposing counsel, and any pro se party with a glossary of any difficult, unusual, scientific, technical, and/or medical jargon, words, names, terms and/or phrases; and

21.  That for additional information about courtroom protocol, courtroom technology and training, trial preparation, transportation of items into the courthouse and courtroom, or submission of trial exhibits, the courtroom deputy clerk, **Kathleen Finney, at (303)335-2099**, should be contacted.

Dated October 16, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge